UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

THE COMMONWEALTH OF PUERTO
RICO, et al.,
      Plaintiffs,

CIVIL NO. 98-1420 (DRD)

vs.

TEXTILE APPAREL GROUP, INC., et al.
      Defendants.

## ORDER

On May 3, 2000, the Court issued an Order which reads as follows:

On January 21, 2000, the Defendant, Robeson Sewing Machine Company ("Robeson"), filed a Motion to Dismiss (Docket No. 9), extensively documenting Plaintiffs' inactivity since filing this case and Robeson's attempts to expedite this matter. Robeson requests the dismissal of this action due to Plaintiffs' lack of prosecution. Further, Defendant, Textile Apparel Group, Inc. ("Textile"), on February 3, 2000, filed a motion (Docket No. 11) joining Robeson's motion to dismiss and detailing Textile's attempts to get the ball rolling in this controversy.

Plaintiffs have not responded. The Court is strongly convinced that Plaintiffs inaction in this case merits sanction and probably dismissal. Therefore, Plaintiffs are **ORDERED TO SHOW CAUSE by May 25, 2000** why the Court should not summarily grant the Defendants' motions to dismiss for lack of prosecution and dismiss this case. At a minimum, the Plaintiffs should include evidence of the work put into resolving this case such as attorney hours expended, motions filed, discovery propounded and produced, etc. Absolutely no extensions will be granted and will be summarily stricken. Failure to timely respond shall result in dismissal of this case.

(Docket No. 12). On May 24, 2000, the Plaintiffs filed their response. (Docket No. 13).

However, the response is wholly inadequate as it did not "include **evidence** of the work put into resolving this case such as attorney hours expended, motions filed, discovery propounded and produced, etc." (Docket No. 12) (emphasis added). Obviously, the Plaintiffs have failed to grasp the gist of the Court's Order – that is, to detail Plaintiffs' activities in moving this case forward to resolution and Plaintiffs' failure to oppose motions to dismiss this case for Plaintiffs' utter lack

of such movement.

This case was filed over two years ago on April 22, 1998. (Docket No. 1). Aside from the filing of the Complaint and service on the Defendants the Court is at a loss as to any activities the Plaintiffs have accomplished. The Court is seriously contemplating dismissal of this case. The Court and the Defendants cannot wait indefinitely while the Plaintiffs sit on their laurels. The Plaintiffs have not only utterly failed to move this case forward, but have not responded to motions to dismiss by Defendants for failure to prosecute and have not proffered any adequate explanation for such dereliction.

Therefore, Plaintiffs are **ORDERED TO SHOW CAUSE by June 12, 2000** why the Court should not summarily grant the Defendants' motions to dismiss for lack of prosecution and dismiss this case. At a minimum, the Plaintiffs shall include **evidence** of the work put into resolving this case such as attorney hours expended, motions filed, discovery propounded and produced, etc. The Court will focus on the efforts made in the last two years to resolve this case (excluding the formulation of the Complaint and execution of service), with specific attention paid to the reasons proffered for the lack of opposition to the motions to dismiss for lack of prosecution. Absolutely no extensions will be granted and will be summarily stricken. Failure to timely respond shall result in dismissal of this case.

**IT IS SO ORDERED.**

Date: May 31, 2000

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P:\PEACHORD ERS\98-1420A OSC